■ DOUGLAS J. HOWELL et al., Respondents, v DUANE P. HOWELL, Appellant, et al., Defendants.—Appeal from an order of the Supreme Court, Rockland County, entered December 4, 1979 which denied appellant's motion to vacate a default judgment entered against him on September 24, 1979 as a result of his failure to perform the terms of a settlement stipulation entered into in open court. Order reversed, with $50 costs and disbursements, motion granted and action restored to the Trial Calendar. Plaintiffs commenced this action asserting several causes of action, the first of which was to recover the sum of $70,000, allegedly wrongfully converted by appellant to his own use. After the action came on for trial, the parties entered into a settlement stipulation in open court which required appellant to make specified payments of money within a set time period. A written document of guarantee was to be furnished by appellant's mother in order to secure appellant's financial obligations. The stipulation provided that upon appellant's failure to make the payments he would be deemed to be in default of the entire agreement. It was further provided that upon his

default in payment, the guarantor would be obligated to make the required payments. In the event that both appellant and his mother defaulted, plaintiffs could then, at their election, enter a judgment against appellant under the first cause of action set forth in the complaint. The stipulation also provided for a restoration of the action to the Trial Calendar in the event that the document of guarantee was not executed and delivered to plaintiffs' attorneys. The record reveals that the guarantor failed to execute and deliver the document of guarantee to plaintiffs' attorneys. Consequently, pursuant to the clear and unambiguous language in the settlement stipulation, the action should have been restored to the Trial Calendar. The provision giving plaintiffs the option of entering a judgment against defendant does not come into play since it is dependent upon a default on the part of both appellant and the guarantor. Damiani, J. P., Titone, Mangano and Gulotta, JJ., concur.